IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY LEA SALCZYNSKI,

    Plaintiff,

v.                                                               No. 2:24-cv-0193-DLM

GENESIS HEALTHCARE dba ST. ANTHONY
HEALTHCARE AND REHABILITATION CENTER and
HEALTHCARE SERVICES GROUP,

    Defendants.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE
AND ORDER TO CURE DEFICIENCY**

Plaintiff, who is proceeding *pro se*, asserts a negligence claim arising from Defendants' care of Plaintiff's husband. (*See* Doc. 1.) Plaintiff asserts the Court has diversity jurisdiction over this matter. (*See id.* at 1, 5.) Plaintiff also states that she is a citizen of the State of New Mexico, and that Defendant Genesis Healthcare is incorporated under the laws of the State of New Mexico and has its principal place of business in the State of New Mexico. (*See id.* at 2–3, 5.)

**I.      Order to Show Cause**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff fails to properly allege diversity jurisdiction because she states that both parties are citizens of New Mexico. (*See* Doc. 1 at 1.) To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher*, 733 F.3d at 987.

Plaintiff does not allege federal-question jurisdiction because she does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. . . . [T]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.

*Davison v. Grant Thornton LLP*, 582 Fe App'x 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012); *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

It appears the Court does not have jurisdiction over this matter. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that asserts facts supporting jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)

("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

## II. Personal Representative of Husband's Estate

It appears that Plaintiff is asserting claims on behalf of her late husband's estate. (*See* Doc. 1 at 4 (stating Defendants acts or omissions caused "extreme illness, long-term loss of health, horrendous suffering of husband, complete with surgeries, dialysis, culminating in death").) Plaintiff is not an attorney authorized to practice before this Court and there are no allegations showing that Plaintiff is authorized to represent her husband's estate. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). One purpose of the rule against *pro se* litigants representing another party is to protect the interests of the represented party. Plaintiff may represent her husband's estate only if she is the sole beneficiary of the estate and there are no creditors. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors"); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("We hold that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate").

## III. Order to Cure Deficiency

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only

3

as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff must either pay the fee or file a Long Form Application. The Guide for Pro Se Litigants, which the Clerk's Office mailed to Plaintiff on February 27, 2024, contains the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

### IV. Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

### V. Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 30 days of entry of this Order, either (a) have an attorney authorized to practice in this Court enter his or her appearance on behalf of Plaintiff's husband's estate; or (b) conclusively demonstrate, with supporting documentation, that: (1) Plaintiff is, or can be, the appointed personal representative of her husband's state; (2) she is the sole beneficiary of her husband's estate; and

(3) there are no creditors. Failure to timely make such demonstration may result in dismissal of Plaintiff's claims on behalf of her husband's estate.

(iii)  Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $405.00 fee or file a Long Form Application may result in dismissal of this case.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE