IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAMMY LEA SALCZYNSKI,

    Plaintiff,

v.                                                         No. 2:24-cv-00193-DHU-DLM

GENESIS HEALTHCARE dba ST. ANTHONY
HEALTHCARE AND REHABILITATION CENTER and
HEALTHCARE SERVICES GROUP,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Plaintiff, who is proceeding *pro se*, asserted a negligence claim arising from Defendants' care of Plaintiff's husband and also asserted that the Court has diversity jurisdiction over this matter. *See* Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 1, filed February 27, 2024 ("Complaint").

    United States Magistrate Judge Damian L. Martinez notified Plaintiff that: (i) there is no properly alleged diversity jurisdiction because the Complaint states that both Plaintiff and Defendant Genesis Healthcare reside in New Mexico; and (ii) there is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action arises under the Constitution, laws, or treaties of the United States. *See* Order to Show Cause, Doc. 3, filed March 4, 2024 (quoting *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. Judge Martinez also ordered Plaintiff to either

pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

Plaintiff filed an Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Doc. 4, filed March 22, 2024 (the form Complaint states: "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 1983").[1]  The Amended Complaint fails to allege sufficient facts to show jurisdiction pursuant to Sections 1343(3) and 1983.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  The Amended Complaint does not allege that Defendants were acting under color of state law or that Defendants deprived Plaintiff of a federally protected right.  *See Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").  Plaintiff's vague allegations that she "was working with . . . OSHA . . . DOH" are not sufficient to establish federal question jurisdiction.  Amended Complaint at 2-3; *see Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th Cir. 2012) (holding *pro se* litigant's "reference in the complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction); *Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737-38 (10th Cir. 2018) (affirming dismissal of *pro se* litigant's complaint for lack of subject matter jurisdiction where he "ha[d] not alleged facts sufficient to show" a viable

---

[1] 28 U.S.C. § 1343(3) states: "The district courts shall have original jurisdiction of any civil action . . . to redress the deprivation, under color of any State law . . . of any right . . . secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens." 42 U.S.C. § 1983 "provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law." *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

claim under federal law). There are no allegations showing that this case arises under any other federal law. There is no diversity jurisdiction because Plaintiff indicates Plaintiff and Defendants are citizens of New Mexico. *See* Amended Complaint at 1-2.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations to support federal question or diversity jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* Doc. 5, filed March 22, 2024 ("Application"). Plaintiff did not sign the Application as required by Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) ("Every . . . paper must be signed . . . by a party personally if the is unrepresented"). The Court denies Plaintiff's Application as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(ii)   Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* Doc. 5, filed March 22, 2024, is **DENIED.**

(ii)     This case is **DISMISSED without prejudice.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE